Donald DENNIE, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8712–CR–1142.

Supreme Court of Indiana.

Aug. 29, 1989.

James F. Stanton, Appellate Public Defender, Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of Robbery, a Class B felony, for which appellant received a sentence of fourteen (14) years.

The facts are: At approximately 7:00 p.m. on January 19, 1986, Roberto Valdez was in bed in his apartment in Gary, Indiana. Valdez suffers from diabetes, leg problems, and has impaired sight. He was awakened by a large black man wearing a black jacket and a cap that buttoned on top. He was holding a large knife close to the victim's chin and also was holding a screwdriver and flashlight. He asked the victim for money and took $125 from the victim's pants pocket and $7 in change from the top of a dresser. He also took canned goods and twelve cans of beer from the victim.

A light was burning and the television was on in the apartment at the time of the robbery. The victim told police that he recognized the robber as a person he had seen before. Two months later, the victim observed an eight-photograph array from which he selected the picture of appellant.

Joretha Rhines was the victim's landlady at the time of the robbery. She testified that she and her husband had gone to another building they owned nearby just prior to the robbery and from the yard had seen a person in the hall of the victim's building who knocked on one of the tenants' doors. She stated he had a long screwdriver and flashlight and told them he was watching an apartment for a cousin who lived in the Rhines' building near the one occupied by the victim in this robbery. He told the Rhines that the lights were out in that building. They went to the building and discovered the lights in fact were out. Shortly after they returned to the building where the robbery occurred, Valdez appeared, told them he had been robbed, and asked them to call police.

Rhines testified that she went to her back porch with her husband and saw who she believed to be the same person she had seen in the hall crossing the alley in back of their building. The victim was unable to identify appellant in court during the trial. Mrs. Rhines identified appellant at trial as the person she had seen in the building on the night of the robbery.

Appellant's sole assignment of error is that there is insufficient evidence to connect him to the robbery. He points to the facts that although the victim identified his photograph in a photographic array, the identification was some two months after the robbery took place and that the victim had impaired sight.

He further contends that the victim failed to identify him in court during the trial. However, from the facts in this case, it was reasonable for the jury to determine that although the victim suffered from poor eyesight, he was only inches away from appellant's face during a portion of the robbery, that appellant was a person he had seen before, and that his failure to identify appellant as he was seated in the witness chair in the courtroom and appellant was seated at counsel's table was due to the victim's poor eyesight and the distance involved.

Appellant further claims that although the landlady identified him as a person she had seen previously, she did not testify that she saw him in the building where the victim lived, and although she was present at the time the victim identified appellant's photograph in the photographic display, she did not identify appellant's picture. However, when we examine the transcript, we find her testimony on that subject to be:

"Q. Were you at any time shown the photographs yourself.

A. I believe so. But, I knew the person. So, I don't really remember whether I identified a photograph or not."

She in fact did testify that she saw appellant in the building in which the victim lived. When one considers the testimony of Valdez and Rhines together, there is ample evidence in this record to support the verdict of the jury. This Court will not usurp the prerogative of the jury and attempt to weigh such evidence. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.